## A. LAFOREST v. HIS CREDITORS et al.

Section 8 of the Act of 1855, p. 432, declares that, after the cession and acceptance, all the property surrendered by an insolvent shall be fully vested in his creditors; and the syndic shall take possession of and be entitled to claim and recover all the property, and to administer and sell the same according to law; but the repealing clause of the Act retains what is in the Civil Code and Code of Practice not contrary to its provisions; and, according to the terms of the Civil Code as well as the statute of 1855, it seems clear that this transfer is for specific purposes, to be sold according to law, and the proceeds distributed in concurso among the creditors. They cannot hold it in common, nor partition it in kind. The debtor or insolvent has a residuary interest, which may become fixed and avail'ng in a certain contingency.

In matters of insolvency the law does not contemplate that a majority of the creditors shall deprive the minority of the right of having their claims paid within a reasonable delay. If they have the right to hold and enjoy the property for any fixed period, they have, at its expiration, the right to fix another and thus compel all the creditors to remain joint owners indefinitely.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *G. Schmidt*, for appellant. *Durant & Hornor*, contra.

HOWELL, J. At the meeting of the creditors of the insolvent, in March, 1865, they ordered the *movable* effects surrendered to he sold for cash, and a house and lot in New Orleans on certain terms; but directed the syndic (who is the insolvent) to take charge of and cultivate the plantation, situated in the Parish of Lafourche, for the best interest of the creditors, and with their means, until the 1st of January, 1867. On the 31st March, 1865, a rule was taken by Dumas, one of the creditors, on the syndic to show cause why the property surrendered should not be sold for *cash* to pay the debts of the insolvent, which was made absolute, and the syndic appealed.

A. Laforest v. His Creditors et al.

The only ground of defence, which we deem it necessary to examine in this proceeding, is: "That the property surrendered having vested in the creditors, they have the right to suspend the sale for a fixed period, and no Court has the right to reverse that opinion."

Section 8 of the Act of 1855, p. 432, declares that, after the cession and acceptance, all the property surrendered by an insolvent shall be fully vested in his creditors; and the syndic shall take possession of and be entitled to claim and recover all the property, and to administer and sell the same according to law; but the repealing clause of the Act retains what is in the Civil Code and Code of Practice not contrary to its provisions; and, according to the terms of the Civil Code as well as the statute of 1855, it seems clear that this transfer is for specific purposes, to be sold according to law, and the proceeds distributed in concurso among the creditors. They cannot hold it in common, nor partition it in kind. The debtor or insolvent has a residuary interest, which may become fixed and availing in a certain contingency. C. C. 2175; 2 R. 194. And, if this principle should not be deemed conclusive, there is another, well established, that no one is compelled to remain a joint owner with another, which authorizes such an one to provoke a partition by sale or in kind.

In matters of insolvency the law does not contemplate that a majority of the creditors shall deprive the minority of the right of having their claims paid within a reasonable delay. If they have the right to hold and enjoy the property for any fixed period, they have, at its expiration, the right to fix another and thus compel all the creditors to remain joint owners indefinitely. This cannot be effected in insolvent proceedings.

In this case, *the sale was not suspended for a fixed period*, but the plantation was ordered to be cultivated for two years, because, in the opinion of a majority of the creditors, a sale at that time, on any terms, would involve a ruinous sacrifice. That reason might not have existed at a later date, and may not now exist.

We think, however, under the provisions of the law, especially the 29th section of the Act of 1855, we are authorized, under the circumstances and the discretion vested in Courts, to allow the creditors an opportunity to fix the terms on which so large an estate should be sold, and we have concluded to send the case back for that purpose.

It is therefore ordered that the judgment appealed from be reversed and the case be remanded, with instructions to the District Judge to authorize a meeting of the creditors for the purpose of determining the time, place, terms and conditions of the sale of the property surrendered. The appellee to pay costs of appeal, and those of the lower Court to be paid by the insolvent estate.